**Clay GRIFFITH, Appellant,**

v.

**Shirley Ann Griffith ALLEN and E. H. Walton, Appellees.**

Court of Appeals of Kentucky.

Oct. 22, 1971.

Bernard J. Blau, Kaufmann, Jolly, Johnson & Blau, Newport, for appellant.

Norbert J. Bischoff, Newport, amicus curiae.

EDWARD P. HILL, Jr., Judge.

By this appeal the appellant, Clay Griffith, undertakes to reverse a judgment awarding to their mother, appellee Shirley Ann Griffith Allen, the custody of the two male children of the parties. The boys were 7 and 11 years of age at the time of the judgment (December 7, 1970).

The appellant, Clay Griffith, and appellee Shirley Ann Griffith Allen were married January 4, 1958. They were divorced September 11, 1968. The divorce was granted to the wife on the usual ground of cruel and inhuman treatment. She was also awarded the custody of the two boys in the original judgment. She kept the boys for about three months only. At the end of that time, she took them to appellant and told him she was unable to care for them.

It is clear from the evidence that after the divorce was granted, the appellee experienced a period of instability. She suffered from some type of brain damage and was involved in four automobile accidents. But she has now remarried, and the chancellor has found that she has "settled

down" and that she has made a good adjustment and is now better equipped to care for and to have the custody of the boys than is the father.

This case, like many other child custody cases, presents a difficult decision for any court. Our difficulty is compounded by the failure of the trial court to make findings of fact as required by CR 52.01, under which section we find in the "Author's Comment" the following important statement:

> "A common misconception is that this Rule does not apply in cases such as divorce, child custody and adoption. Actually findings of fact are most important in these cases. *Proper review in the appellate court is difficult*, if not impossible, without a showing in the record of the factors and considerations which form the basis of the trial court's decision." (Emphasis added.)

Lurking in this case, as in many others, is the additional highly important factor of avoiding upsetting the child by plucking him from one home and placing him in another. The custody of the two young boys concerned in the present case was originally awarded the mother. She only kept them three months, at the end of which time she voluntarily surrendered their custody to the father where they remained two years. There is evidence in this record that the boys settled down with their father, went to church and Sunday school and improved their grades in school. The only evidence in the record adversely affecting the father's claim for custody was given by a lay preacher who went to the home of the father while the father was absent and peeped in and found the place to be poorly kept.

 In summary, we have serious reservations as to the propriety of the judgment giving custody to the mother, but she has now had their custody nearly one year; so in order to avoid another traumatic transplanting of the little boys from a place they have now come to know as home, and being unable from the record to say that the chancellor abused a sound discretion, we have decided to affirm the judgment, knowing that such judgments are not final but may be changed or modified at any time should the welfare of the children justify it.

Our observations herein with respect to giving due consideration to the consequences of uprooting a child from a home he has known for a substantial time are *not new ones.* They were more eloquently expressed in such recent cases as Borjesson v. Borjesson, Ky., 437 S.W.2d 191 (1969), and Watson v. Watson, Ky., 434 S.W.2d 33 (1968).

 Appellant questions the amount of the fee allowed E. H. Walton for representing the appellee on the trial of her motion for custody. He was allowed $200 which we do not find to be excessive or unreasonable.

The judgment is affirmed.

All concur.